This pro se case is before the court without oral argument on defendant’s motion for summary judgment. It arises out of a contract for the sale of real property by the Veterans Administration to plaintiff, Israel Millsap. Defendant has moved for summary judgment on the grounds that there is no genuine issue of fact and because there is no basis for a suit by plaintiff against the United States.
On July 24, 1974, plaintiff entered into a contract with the Veterans Administration for the purchase of real property located at 1109 West 102nd Street, Chicago, Illinois. The purchase price of the property was $18,000. The purchase was by an installment contract which provided for payment of $900 at closing and the balance. $17,100, payable in 30 years at $173 per month. Plaintiff requested that these payments be deducted from his VA compensation benefits. The VA complied with his request and payments were so deducted, beginning in February 1975.
In April 1979, plaintiff requested that papers for assignment of the contract, generally referred to as an assignment "package,” be sent to Mr. Vernon Lilly of Enterprise Realty, 324 East 115th Street, Chicago, Illinois. This was done and confirmed to plaintiff by letter dated April 17, 1979.
By letter dated May 17, 1979, plaintiff wrote the VA about the property that "I am selling to Vernon Lily [sic]” and requested the VA to no longer deduct the monthly payments from his VA benefits. On June 6, 1979, the VA *540 sent a letter to Mr. Lilly stating that it had approved the assignment. On June 11, 1979, plaintiff wrote the VA, notifying it that he had sold the property and that the VA had transferred the contract to the new owner. The letter again requested that the VA terminate the deduction being made from his monthly benefits.
The contract of sale between Vernon Lilly and plaintiff was dated April 16, 1979. The assignment of the contract between plaintiff and the VA for this property, assigning it to Vernon Lilly, was dated April 20,1979, and approved by the VA on June 5,1979.
Defendant correctly argues that plaintiffs claim, if any, against Mr. Lilly for alleged nonpayment on the contract of sale does not implicate the United States. The government is indeed merely a seller to plaintiff first and then by assignment to Mr. Lilly; the government is not liable for any nonpayment by Mr. Lilly. However, this claim is not the only one put forward by plaintiff.
In his response to defendant’s motion, plaintiff alleges that payments were deducted from his VA benefits for two months after the VA approved the assignment to Vernon Lilly on June 5, 1979. Defendant has not addressed this claim other than to state that the VA did eventually stop making the deductions from plaintiffs benefit payments. Defendant’s response to this claim is not sufficient and defendant should have come forward to show a specific date when the deductions ceased, and the propriety of the date it chose. For this reason, summary judgment, which would dispose of the entire case, is premature, and therefore defendant’s motion is denied.
it is therefore ordered and concluded that the defendant’s motion for summary judgment is denied and the case is returned to the trial division for further proceedings.